IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANICE M. HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 4:11-CV-00439-SWH |
| CYPRESS MEDIA, INC. d/b/a THE KANSAS CITY STAR, | ) ) ) ) |
| Defendant. | ) ) |

ORDER

Plaintiff Janice Henderson (hereafter "Henderson") filed suit against her former employer The Kansas City Star (hereafter "the Star") alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1966 and disability discrimination in violation of the Americans with Disabilities Act (hereafter "ADA"). Additionally, Henderson appears to bring state law claims for wrongful discharge and breach of an employment contract. This matter is before the Court on the Star's motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. #7) For the reasons stated below this Court grants the Star's motion to dismiss.

I. BACKGROUND

On February 9, 2011, plaintiff, Janice M. Henderson, acting *pro se*, filed suit in the circuit court of Jackson County, Missouri, against her former employer the Star. (Doc. #1-1) In her complaint Henderson alleges that her termination dated November 9, 2010, constituted race discrimination in violation of Title VII of the Civil Rights Act of 1966, 42 U.S.C. §§2000e *et seq.,* disability discrimination in violation of the ADA, 42 U.S.C. §12101 *et seq.,* and race discrimination in violation of the Missouri Human Rights Act, R.S.Mo. §§ 213.110 *et seq.* (Doc. #1-1) On April 26, 2011, the Star filed a notice to remove the case to federal court. (Doc. #1)

Thereafter, the Star filed a motion to dismiss the case for failure state a claim upon which relief can be granted. (Doc. #7) After the Star filed its motion to dismiss, Henderson, acting *pro se*, filed an amended complaint which does not set forth individual counts, but which appears to continue to

seek relief for race discrimination in violation of Title VII and disability discrimination in violation of the ADA. (Doc. #15, at 2-3) Additionally, Henderson appears to make state law claims for wrongful discharge and a breach of an employment contract. (Doc. #15, at 2) Henderson's prior claim for race-based discrimination in violation of the Missouri Human Rights Act, R.S.Mo. §§213.110 *et seq.* does not appear in her amended complaint.

In general the Amended Complaint contains the following allegations[1]: The Star hired plaintiff in 1999 as a part-time Inserter, a position that involves putting advertisements in newspapers. ¶ 10(a). Shortly after plaintiff was hired she had difficulties learning her job duties. ¶ 10(b) Although she had difficulties during her probationary period, she was not terminated, and her "case worker" from Truman Behavioral Health was allowed to help her learn her job duties. Id. Plaintiff alleges that she suffers from panic disorder, depression, and a learning disability. ¶¶10 (c)-(d). In accordance with The Star's progressive discipline policy, plaintiff was disciplined on multiple occasions for violating The Star's attendance rules, which require that employees call in when they are going to be absent. ¶¶10(f)-(g). Plaintiff had not been written up for any performance problems other than attendance. ¶ 10(I). On November 8, 2010, plaintiff was unable to get to work because her car broke down so she called the attendance line. ¶¶10(h) and (k). When plaintiff arrived at work on November 12, 2010, her time card did not work, and she learned that The Star had terminated her employment. ¶ 10(l). Plaintiff alleges that she suffers from panic disorder, depression, and a learning disability, and at the beginning of her employment, The Star was aware she had a disability.¶¶ 8(d), 9(d), 10 (b)-(d). With regard to her claim of discrimination, plaintiff states that she is black. ¶¶ 8(a) and 9(a).

The Star then filed a memorandum with suggestions in support of their motion to dismiss the amended complaint. (Doc. #18) The Star argues that Henderson's complaint does not establish a cause of action for either race discrimination under Title VII or disability discrimination under the ADA. (Doc. #18, at 3-7) The Star also argues that Henderson's complaint is insufficient to allege a claim for

---

[1] The Amended Complaint identifies the defendant as Cypress Media, Inc., d/b/a The Kansas City Star.

breach of an implied employment contract. (Doc. #18, at 7-8) Henderson objects to the Star's characterization of the facts of the case and disagrees with the motion to dismiss, but does not offer any legal argument as to why her claims are sufficient. (Doc. #21)

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The rule requires more than an "unadorned" complaint, but requires less than "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Courts ruling on a motion to dismiss a complaint for failure to state a claim, must "construe the complaint in the light most favorable to the nonmoving party." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950.

Where, as here, the plaintiff is acting *pro se*, courts liberally construe the plaintiff's complaint. Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254, 1255 (8th Cir. 1994). The complaint, however, "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

### A. Title VII Claim

Title VII makes it unlawful for an "employer" to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, a plaintiff must show that she "(1) is within the protected class, (2) was qualified to perform the job, (3) suffered an adverse employment action, and (4) has facts that give

3

rise to an inference of discrimination." Takele v. Mayo Clinic, 576 F.3d 834, 838 (8th Cir. 2009).

In the instant matter, Henderson has plead sufficient facts to indicate that she is a member of a protected class (African-American), was qualified to perform her job, and an adverse employment action (termination) was taken against her. Henderson, however, fails to set out facts that give rise to an inference of discrimination in either the amended complaint or the opposition to the motion to dismiss. There is no allegation of race-based comments. Nor has Henderson plead any circumstances that would lead this Court to believe that her race was a factor in her termination. As such, Henderson's complaint for race discrimination in violation of Title VII does not "state a claim to relief that is *plausible* on its face." See Iqbal, 129 S.Ct. at 1949 (emphasis added). Therefore, Henderson's claim for race discrimination in violation of Title VII fails to state a claim and must be dismissed under Fed. R. Civ. P.12(b)(6).

B. ADA Claim

The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112(a). A plaintiff claiming a violation of the ADA, must show that she: "(1) had a disability within the meaning of the ADA; (2) was qualified, with or without a reasonable accommodation, to perform the essential job functions of the position in question; and (3) suffered an adverse employment action because of [her] disability." Lors v. Dean, 595 F.3d 831, 834 (8th Cir.2010).

In order to show an ADA-qualifying disability, the plaintiff must demonstrate "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment . . . . " 42 U.S.C. §12102(1). Section 12102(1) is met if plaintiff can: (1) show that she has a physical or mental impairment, (2) identify a major life activity recognized under the ADA, and (3) show that such impairment affects the specified major life activity. Bragdon v. Abbott, 524 U.S. 624, 631, 118 S.Ct.

4

2196, 2202, 141 L.Ed.2d 540 (1998). In the instant matter, Henderson has failed to identify in her complaint a major life activity affected by her mental impairments. This Court notes that in a U.S. Equal Employment Opportunity Commission Intake Questionnaire that was attached to Henderson's amended complaint, Henderson circled "sleeping" in a list of suggested activities following the question "Does this disability prevent or limit you from doing anything?" (Doc. 15-1, at 13) Even if a major life activity was sufficiently plead, however, Henderson has failed to show how her mental impairments (panic disorder, depressive disorder and learning disability) affected the major life activity (sleeping). Thus, Henderson has failed to establish a disability within the meaning of the ADA.

With regard to her qualifications for the job, Henderson held the same position with the Kansas City Star for eleven years prior to her termination. (Doc. #15, at 3) This Court, therefore, finds that Henderson sufficiently plead her qualifications to perform the essential job functions.

Henderson has failed, however, to show that her termination was due to her disabilities. According to her complaint, Henderson claims she was fired after an incident in which she could not make it to her scheduled shift on November 8, 2010. (Doc. # 15, at 4-6) Henderson claims she called in to report her absence. (Doc. #15, at 5) According to the complaint, however, the Star claims it has no telephone record of her calling in. (Doc. #15, at 5) The only information detailing the time and circumstances surrounding her termination relate to the November 8, 2010 incident. Henderson has not shown any comments or circumstances that would lead this Court to believe that her claim of disability discrimination is plausible on its face. Therefore, Henderson's claim for disability discrimination in violation of the ADA fails to state a claim and must be dismissed under Federal Rules of Civil Procedure Rule 12(b)(6).

C. State Law Claims

Henderson's last two apparent claims are state law claims for wrongful discharge and breach of an employment contract. (Doc. #15, at 2) When a federal court dismisses all federal claims in a case on removal to federal court, the court has discretion to either retain jurisdiction over the state law claims, remand to state court, or dismiss the state law claims without prejudice. Carnegie-Mellon

University v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988); Ivy v. Kimbrough, 115 F.3d 550, 553 (8th Cir. 1997). Nevertheless, the Eighth Circuit favors dismissal without prejudice of the state court claims "to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties." Ivy v. Kimbrough, 115 F.3d 550, 553 (8th Cir. 1997).

The only mention of the state law claims is in the jurisdictional section of Henderson's complaint. (Doc. #15, at 2) There Henderson claims that the Star's "conduct is discriminatory with respect to the following: . . . (b) Wrongful Discharge/Termination; (c) Breach of Employment Contract (Implied Employment Contract – Employee Handbooks) . . . ." (Doc. #15, at 2) No separate count in which she elaborates on either claim appears in her complaint. Because of the lack of clarity as to those claims, this Court elects to dismiss the wrongful discharge and the breach of an employment contract without prejudice. Henderson is, therefore, free to file a petition in state court on such claims.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that the Kansas City Star's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #7) is GRANTED. It is further

ORDERED that Henderson's federal claims as to race discrimination in violation of Title VII and disability discrimination in violation of the Americans with Disabilities Act are DISMISSED for failure to state a claim. It is further

ORDERED that Henderson's state law claims for wrongful discharge and breach of an employment contract are DISMISSED without prejudice to plaintiff's refiling these claims in state court.

/s/ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE